# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>114 UPPER MAIN STREET, NORRIDGEWOCK, MAINE, with all appurtenances and improvements thereon,<br><br>       Defendant *In Rem*. | No. 1:24-cv- |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America, by and through its attorneys, Darcie N. McElwee, United States Attorney for the District of Maine, and Andrew K. Lizotte, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.      This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. § 881(a)(7) and 28 U.S.C. § 2461(a), which provide for the forfeiture of real property[1] used to commit or to facilitate the commission of the crimes of maintaining a drug-involved premises and drug trafficking, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*

## JURISDICTION AND VENUE

2.      This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. §§ 1355(a) and (b). Venue is proper in this district: (a) pursuant to 28 U.S.C. §

---

[1] To include "any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements." 21 U.S.C. § 881(a)(7).

1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district; and (b) pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b), because the property is located in this district.

## THE DEFENDANT *IN REM*

3. The defendant *in rem* is real property located at the following Maine address, and is more particularly described in municipal tax records by reference to the map/lot number or parcel ID reflected below and the deed on file at the book/page reflected below at the Somerset County Registry of Deeds:

| Address | City/Town | Owner of Record | Map/Lot or Parcel ID | Deed Book/Page |
|---|---|---|---|---|
| 114 Upper Main St. | Norridgewock | JIAMIN LIAO | 014/031 | 6084/280 |

## STATEMENT OF PROBABLE CAUSE

4. The U.S. Drug Enforcement Administration ("DEA") is investigating the defendant *in rem* real property located at 114 Upper Main Street, in Norridgewock, for being a marijuana-involved premises in violation of 21 U.S.C. § 856(a) and for the related illegal cultivation of marijuana for distribution in violation of 21 U.S.C. § 841(a)(1). The defendant *in rem* real property has been confirmed by the Maine Office of Cannabis Policy as lacking any licensed status under which marijuana could be legally cultivated at or on such premises under Maine state law.

5. Provided below is a photograph of the defendant *in rem* real property available on a commonly used real estate website,[2] which accurately shows the condition and proportions of the property:

---

[2] *See* https://www.realtor.com/realestateandhomes-detail/114-Upper-Main-St_Norridgewock_ME_04957_M93873-56105.



6. The warranty deed recorded with the Somerset County Register of Deeds for the defendant *in rem* real property shows that on November 29, 2023, the real property at such location was granted to JIAMIN LIAO.

7. JIAMIN LIAO used a TD Bank checking account to make a $1,000 earnest money payment on the defendant *in rem* real property on about September 19, 2023. A copy of the "HUD-1" Settlement Statement provided by the seller's agent to the transaction shows that JIAMIN LIAO purchased the defendant *in rem* real property for a contract price of $150,000, absent any mortgage loan financing. JIAMIN LIAO's signature is shown on the HUD-1 Settlement Statement dated on about November 29, 2023.

8. The DEA issued an administrative subpoena to Central Maine Power ("CMP") seeking electrical usage data for the defendant *in rem* real property. Electricity

usage records provided by CMP show that JIAMIN LIAO became the holder of the CMP account for the defendant *in rem* real property in December 2023, and remained so through March 2024.

9. On March 25, 2024, law enforcement officers employed by the Somerset County Sheriff's Office ("SCSO") executed a state search warrant at the premises of the defendant *in rem* real property, with support provided by DEA and other federal investigative agencies.

10. Upon entering the residence on the premises on March 25, 2024, JIAMIN LIAO was located in a first-floor bedroom.

11. During the search of the residence, SCSO personnel located and seized approximately thirty pounds of processed marijuana from a closet in the room where JIAMIN LIAO was found. The marijuana was packaged and vacuum-sealed in bags weighing approximately one pound each. Found in the same room were scissors—bearing a green residue that smelled of marijuana—apparently used for the cutting and trimming of the plants. A digital scale was found nearby. A vacuum sealer, plastic wrapping to be used with the vacuum sealer, and a kitchen strainer with a green residue smelling of marijuana were all found in a bag in the same room. A sample of the packaged marijuana was field tested and tested positive as marijuana.

12. Also located and seized from the room in which JIAMIN LIAO was found was a money counting machine, along with approximately $39,625 in United States Currency.[3]

---

[3] $32,200 in cash was found in a pink handbag in the first-floor bedroom in which JIAMIN LIAO was first located. $7,005 in cash was also found in a manilla envelope in the room. $420 in cash was found in a small purse, along with various credit and debit cards in JIAMIN LIAO's name.

13. A 2020 Toyota RAV4 was located in the driveway of the defendant *in rem* real property, which was registered to JIAMIN LIAO. The vehicle was searched pursuant to the state search warrant. The interior trunk area of the vehicle was found to be lined with plastic and black trash bags, in a manner suggestive of transporting marijuana.

14. SCSO personnel conducted a post-*Miranda* interview of JIAMIN LIAO, during which she provided the below details, in sum and substance:

   a. JIAMIN LIAO had recently purchased the defendant *in rem* real property.

   b. When she was in Maine, she would stay at the defendant *in rem* real property.

   c. JIAMIN LIAO admitted to having approximately 20 pounds of processed marijuana at the defendant *in rem* real property. The marijuana she kept at the defendant *in rem* real property was grown by her at a different property in Madison.

   d. JIAMIN LIAO tended and harvested the marijuana plants in Madison, packaged the processed marijuana in one-pound bags, and stored the product at the defendant *in rem* real property in her closet.

   e. JIAMIN LIAO had been engaging in marijuana cultivation for approximately six months. Because she is busy, a "friend" sometimes transported the marijuana from her grow house in Madison to the defendant *in rem* real property, where the marijuana was held and stored.

15. The aforementioned packaging, vacuum-sealed bags, trimming

implements, digital scale, money counting machine, large amounts of cash, and interior of JIAMIN LIAO's vehicle are all indicative of the premises being used to commit or to facilitate the commission of marijuana trafficking. Such evidence shows JIAMIN LIAO's and others' use of the premises as a "stash house" from which to illegally distribute marijuana.

16. The aforementioned evidence, taken together with JIAMIN LIAO's admissions, similarly shows that JIAMIN LIAO used the defendant *in rem* real property for the purpose of distributing marijuana. The aforementioned evidence, taken together with JIAMIN LIAO's admissions, further shows that JIAMIN LIAO profited from and made available for use the defendant *in rem* real property for the purpose of unlawfully storing and distributing marijuana, including but not limited by and through the participation of JIAMIN LIAO's "friend" in such conduct.

17. Therefore, the defendant *in rem* real property was used, or intended to be used, by JIAMIN LIAO and others to commit or to facilitate the commission of drug trafficking. The defendant *in rem* real property was knowingly opened, used, and maintained by JIAMIN LIAO and others for the purpose of distributing marijuana. JIAMIN LIAO further managed and controlled the defendant *in rem* property as an owner and occupant and knowingly and intentionally profited from and made available for use the defendant *in rem* real property for the purpose of unlawfully storing and distributing marijuana.

**BASIS FOR FORFEITURE**

18. 21 U.S.C. § 881(a)(7): provides for the forfeiture of real property used, or intended to be used, in any manner or part to commit or to facilitate the commission of

the crimes of maintaining a drug-involved premises and drug trafficking, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq*.

19. 28 U.S.C. § 2461: allows for the civil forfeiture of forfeitable property.

## **CONCLUSION**

20. The United States does not request authority from the Court to seize the defendant *in rem* at this time. The United States will, as provided by 18 U.S.C. §§ 985(b)(1) and (c)(1):

    a. Post notice of this action and a copy of the Complaint on the defendant *in rem* property;

    b. Serve notice of this action on the defendant *in rem* property's owner, and any other person or entity who may claim an interest in the defendant *in rem* property, along with a copy of this Complaint;

    c. Seek issuance by the Court and execution of a writ of entry for the purpose of conducting an inspection and inventory of the defendant *in rem* property, as permitted by 18 U.S.C. §§ 985(b)(2) and 983(j)(1); and

    d. File a *lis pendens* in county records of the defendant *in rem* property's status as a defendant in this *in rem* action, as permitted by 18 U.S.C. § 985(b)(2).

WHEREFORE, the plaintiff respectfully asserts that there is probable cause to believe that the defendant *in rem* property is forfeitable to the United States under 21 U.S.C. § 881(a)(7) and 28 U.S.C. § 2461 and requests:

    a. That the Court decree that the forfeiture of the defendant *in rem* property to the United States under 21 U.S.C. § 881(a)(7) and 28 U.S.C. § 2461 is confirmed, enforced, and ordered;

    b.  That the Court thereafter order that the United States Marshal, or his delegate or designee, dispose of the defendant *in rem* property as provided by law; and

    c.  That the Court award Plaintiff United States all other relief to which it is entitled, including the costs of this action.

Dated at Bangor, Maine this 27th day of August, 2024.

                Respectfully submitted,

                DARCIE N. MCELWEE
                United States Attorney

                /s/ ANDREW K. LIZOTTE
                Andrew K. Lizotte
                Assistant U.S. Attorney
                United States Attorney's Office
                202 Harlow Street
                Bangor, Maine 04401
                (207) 262-4636
                Andrew.Lizotte@usdoj.gov

## VERIFICATION

Jonathan Richards, being duly sworn, deposes and says that I am a Special Agent with the U.S. Drug Enforcement Administration and as such have responsibility for the within action, that I have read the foregoing complaint and know the contents thereof, and that the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are official records and files of the United States and information obtained by me during an investigation of alleged violations of Title 21 of the United States Code.

/s/ Jonathan Richards
Jonathan Richards
Task Force Officer
U.S. Drug Enforcement Administration

STATE OF MAINE
Penobscot, ss.

Subscribed and sworn to before me this 25th day of July 2024.

/s/ Tamara T. Redmond
Notary Public
My commission expires: 09/16/2025