# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>114 UPPER MAIN STREET, NORRIDGEWORK, MAINE, with all appurtenances and improvements thereon,<br><br>Defendant *In Rem* | No. 1:24-cv-00302-LEW |

## CONSENT MOTION FOR STAY

Plaintiff, the United States of America, by its attorneys Darcie N. McElwee, United States Attorney for the District of Maine, and Andrew K. Lizotte, Assistant United States Attorney, hereby moves with the consent of all claimants to stay further proceedings in this civil forfeiture case pursuant to the provisions of 18 U.S.C. § 981(g)(1) and to extend all deadlines for a period of ninety (90) day through December 22, 2024. In support of this motion, the government represents as follows.

1. The U.S. Drug Enforcement Administration ("DEA") is investigating the above-captioned defendant *in rem* real property for being a marijuana-involved premises in violation of 21 U.S.C. § 856(a). The owner of record of the defendant *in rem* real property is Jiamin Liao.

2. On March 25, 2024, law enforcement officers executed a state search warrant at the premises of the defendant *in rem* real property, with support provided by DEA and other federal investigative agencies. Upon entering the premises on such date, federal and state investigators discovered that the property was used for the processing

and storing of marijuana. Approximately thirty pounds of processed marijuana, packaged and vacuum-sealed in bags weighing approximately one pound each, were identified by law enforcement on the defendant *in rem* property.

3. On August 27, 2024, the United States filed a Complaint for Forfeiture in Rem against the defendant *in rem* real property. The complaint alleged that the defendant *in rem* real property was used, or intended to be used, by Jiamin Liao and others to commit or to facilitate the commission of drug trafficking; knowingly opened, used, and maintained by Jiamin Liao and others for the purpose of distributing marijuana; and that Jiamin Liao managed and controlled the defendant *in rem* property as an owner and occupant and knowingly and intentionally profited from and made available for use the defendant *in rem* real property for the purpose of unlawfully storing and distributing marijuana.

4. As set forth above, there is an ongoing criminal investigation arising out of the same facts and circumstances that gave rise to this civil forfeiture case. The Government has conferred with the attorney representing Jiamin Liao in Case No. 1:24-cr-00060-SDN, Phil Noland, Esq., who has confirmed consent on behalf of Jiamin Liao to the stay sought herein.

5. 18 U.S.C. § 981(g) provides in relevant part:

> (1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
>
> . . .
>
> (4) In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at

>which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

6.      Here, the criminal investigation and the civil forfeiture case arise out of the same facts and circumstances and are clearly related. The criminal investigation is ongoing and the parties, witnesses, facts, and circumstances involved in the two proceedings are the same. Civil discovery will adversely affect the ability of the Government to conduct the criminal investigation, in that civil discovery will subject the criminal investigation "to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding." *United States v. One Assortment of 73 Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005). This is particularly so where, as here, the evidence in both cases arises out of a single investigation. Relatedly, pending resolution of the criminal investigation, a claimant's Fifth Amendment rights against self-incrimination may prevent the Government from deposing them in the civil forfeiture case, or may result in an adverse inference against them. The stay will likewise promote the interests of justice and judicial economy. *Cf. Landis v. North Amer. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

7.      Relatedly, the Government may seek a Writ of Entry, contemplating and requesting that officials of the United States Marshal's Service, and/or their agents and designees, execute a Writ of Entry for the purpose of conducting an inventory,

inspection, and appraisal of the defendant *in rem* real property. Such application and execution, it is requested, would not be subject to the stay of proceedings.

WHEREFORE, for all the above reasons, the Government moves for a stay of the civil forfeiture case (excepting as concerns a Writ of Entry) and an extension of all deadlines for a period of ninety (90) days, through December 22, 2024, or until further order of the Court.

Dated at Bangor, Maine this 23rd day of September, 2024.

                                            Respectfully submitted,

                                            DARCIE N. MCELWEE
                                            United States Attorney

                                            /s/ ANDREW K. LIZOTTE
                                            Andrew K. Lizotte
                                            Assistant U.S. Attorney
                                            United States Attorney's Office
                                            202 Harlow Street
                                            Bangor, Maine 04401
                                            (207) 262-4636
                                            Andrew.Lizotte@usdoj.gov

## **CERTIFICATE OF SERVICE**

 I hereby certify that on September 23, 2024, I caused the foregoing Motion to be electronically filed with Clerk of Court using the CM/ECF system, which sent such notice to any individuals and entities who have entered appearances in this case to date, pursuant to the Court's ECF system.

        DARCIE N. MCELWEE
        United States Attorney


        <u>/s/ ANDREW K. LIZOTTE</u>
        Andrew K. Lizotte
        Assistant U.S. Attorney
        United States Attorney's Office
        202 Harlow Street
        Bangor, Maine 04401
        (207) 262-4636
        Andrew.Lizotte@usdoj.gov